**Electronically Filed**
**Supreme Court**
**SCCQ-11-0000747**
**08-NOV-2011**
**02:33 PM**

NO. SCCQ-11-0000747

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

BERT VILLON and MARK APANA, Plaintiffs,

vs.

MARRIOTT HOTEL SERVICES, INC., dba WAILEA MARRIOTT RESORT,
Defendant.

------------------------------------------------------------------

RENELDO RODRIGUEZ and JOHNSON BASLER, on behalf of
themselves and all others similarly situated, Plaintiffs,

vs.

STARWOOD HOTELS & RESORTS WORLDWIDE, INC.,
dba WESTIN MAUI RESORT & SPA, Defendant.

---

ORIGINAL PROCEEDING

ORDER ON CERTIFIED QUESTION
(By: Recktenwald, C.J., Nakayama, Acoba, Duffy, and McKenna, JJ.)

Upon consideration of the October 11, 2011 order of the United States District Court for the District of Hawai'i requesting the Supreme Court of the State of Hawai'i to answer certified questions identified as questions #1, #2 and #3, it appears that question #1 -- and only that question -- is amenable to answer by this court pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 13 inasmuch as the October 11, 2011 order

certifies, as to question #1, but not as to questions #2 and #3, that the question concerns the law of Hawaiʻi that is determinative of the plaintiffs' cause and that there is no clear controlling precedent in the Hawaiʻi judicial decisions. See HRAP Rule 13. Therefore,

IT IS HEREBY ORDERED, without conclusively determining whether this court will answer question #1, that:

1. Pursuant to HRAP Rule 28(e), plaintiffs Bert Villon and Mark Apana and plaintiffs Reneldo Rodriguez and Johnson Basler are designated appellants for purposes of this proceeding and shall collectively pay the required filing fee for an original proceeding in this court.

2. Defendant Marriott Hotel Services, Inc. and defendant Starwood Hotels & Resorts, Inc. are designated appellees for this proceeding.

3. Pursuant to HRAP Rule 13(c), the plaintiffs-appellants shall make all necessary arrangements with the clerk of the United States District Court for the District of Hawaiʻi to transmit the original or certified copies of the pending federal court cases to this court. It shall be the responsibility of the plaintiffs-appellants to ensure that the record is received in this court within thirty days from the date of this order.

4. After the record is filed in the supreme court, plaintiffs-appellants Villon and Apana and plaintiffs-appellants Rodriguez and Basler shall each file an opening brief within the

2

time provided by HRAP Rule 28(b). The opening briefs shall conform to the format and content requirements of HRAP Rule 28, insofar as applicable. A statement of jurisdiction pursuant to HRAP Rule 12.1 is not necessary.

5. Thereafter, defendant-appellee Marriott shall file an answering brief to plaintiffs-appellants Villon and Apana's opening brief. Defendant-appellee Starwood shall file an answering brief to plaintiffs-appellants Rodriguez and Basler's opening brief. The answering briefs shall be filed within the time provided by HRAP Rule 28(c) and shall conform to the format and content requirements of HRAP Rule 28, insofar as applicable.

6. The plaintiffs-appellants may file reply briefs in accordance with HRAP Rule 28(d).

DATED: Honolulu, Hawaiʻi, November 8, 2011.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ James E. Duffy, Jr.

/s/ Sabrina S. McKenna

